[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
Pursuant to Section 5(B), Article IV, Ohio Constitution, as amended, and App. R. 41, the Fourth District Court of Appeals does hereby adopt, effective September 1, 1998, amended local rules for the Court of Appeals of the Fourth District of the State of Ohio.
A copy of the local rules, as amended, are attached hereto and incorporated herein, and are filed with the Ohio Supreme Court in accord with App. R. 41.
FOR THE COURT
 ______________________________________________ William H. Harsha, Administrative Judge
 LOCAL RULES OF THE FOURTH APPELLATE JUDICIAL DISTRICT [Including Adams, Athens, Gallia, Highland, Hocking, Jackson, Lawrence, Meigs, Pickaway, Pike, Ross, Scioto, Vinton and Washington Counties] Effective as Amended september 1, 1998 Table of Rules
Purpose and Intent. Rule
1. Contents of Notice of Appeal and Certification. 2. Designation of Counsel and Proof of Service. 3. Cost Deposits — Appeals and Original Actions. 4. Clerk's Duties Regarding Transmission of Record. 5. Transmitting the Record; Extensions by Trial Court. 6. Transcript of Proceedings. 7. Entry to Accompany Motion for a Procedural Order 8. Number of Copies of Motions and Briefs. 9. Dismissals for Failure to Prosecute Appeal 10. Form and Length of Briefs. 11. Time for Filing of Briefs in an Appeal involving a Cross-Appeal 12. Oral Argument. 13. Priority 14. Journal Entries. 15. Stays, Admissions to Bail, Suspensions of Execution. 16. Original Actions. 17. Docket Statement and Prehearing Conference. 18. Presiding and Administrative Judges. 19. Notification of Proposed Changes to the Local Rules. 20. Effective Date and Applicability.
 PURPOSE AND INTENT
The following amended Rules have been adopted by the Judges of the Fourth District Court of Appeals, pursuant to Section 5(B), Article IV, Ohio Constitution, as amended, and App.R. 41, for the purpose of promoting the administration of justice and increasing the efficiency of the Court's operation.
The Rules are not intended to provide a comprehensive scheme of appellate practice. They are intended to merely supplement the Ohio Rules of Appellate Procedure concerning local practice before the Fourth District Court of Appeals and shall be amended or revised at the discretion of the Court.
 CASE MANAGEMENT PLAN — RULES 1-17 (Pursuant to Sup.R. 5(B) LOCAL RULE 1. CONTENT OF THE NOTICE OF APPEAL
The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. The notice of appeal shall include a certification that the judgment or order appealed from is a judgment or order that is final under both R.C. 2502.02 and Civ. R. 54(B). See Form 1, Appendix of Forms. The notice of appeal shall also include the name, address, telephone number, Supreme Court attorney identification number and the designation and name of the party represented by the attorney. The appellant shall attach a copy of the judgment or order appealed from to the notice of appeal. This copy shall show the date that the judgment or order was filed. Appellant shall also attach to the Notice of Appeal a docketing statement as required by Local R. 17.
 LOCAL RULE 2. DESIGNATION OF COUNSEL AND PROOF OF SERVICE
Every notice of appeal, pleading, motion, and brief filed shall have typed or printed on it the name, address, and telephone number of filing counsel or of the party, if not represented by counsel. When the counsel is a firm of attorneys, the attorney in the firm having primary responsibility for the case shall also be designated. When proof of service of any document is required by law, the certification of service shall state specifically the name and address of each attorney and party served. A certification alone that all counsel and parties of record were served without giving their names and addresses will be deemed non-compliance with this rule.
 LOCAL RULE 3. COST DEPOSITS
(A) Appeals. At the time of filing in the trial court a notice of appeal to the Court of Appeals, the appellant and cross-appellant, if any, shall deposit with the Clerk of Courts the sum of $85.00 as security for the payment of costs in the Court of Appeals. The Clerk of the Trial Court shall forward such deposit or deposits to the Clerk of the Court of Appeals with the copy of the notice of appeal and other papers as required by App.R. 3(D).
If the appellant or cross-appellant either files with the Clerk a sworn affidavit or affirmation of inability to secure costs by prepayment, or produces evidence that the trial court determined that the appellant was indigent for purposes of appeal, no deposit shall be required. Failure to make this deposit for costs shall not prevent the filing of a notice of appeal in the trial court, but will be a ground upon which the court may dismiss the appeal.
(B) Original Actions. At the time of filing the initial pleading in an original action in this Court, the plaintiff shall deposit with the clerk the sum of $85.00 as security for the payment of costs. If the plaintiff, by affidavit, shows inability by reason of indigency to pay or secure costs, the clerk shall receive and file the complaint without such deposit.
 LOCAL RULE 4. CLERK'S DUTIES REGARDING TRANSMISSION OF RECORD
(A) Before transmission of the record to this court, the Clerk of the trial court shall cause the following to occur:
(1) The Clerk shall include on the pagination sheet (App.R. 10(B)) the filing date and a brief description of each document filed in the trial court.
(2) The Clerk of the trial court shall ascertain that a clear and legible date-stamp of every document and copy thereof appears in the record. If the date-stamp is not legible, the Clerk shall certify the date of filing on the document and copy thereof on the face of each such document.
(3) The Clerk of the trial court in preparing for transmission of the record as defined in App.R. 9(A) shall bind together the original papers and exhibits attached thereto by utilization of an Acco fastener or any other fastening system utilized in the trial court which is sufficient to keep such papers firmly bound while being used in appellate review.
(4) The Clerk of the trial court shall not, unless directed to do so by the Court of Appeals, transmit any trial exhibits consisting of weapons, ammunition, money or drugs. The pagination sheet shall designate which exhibits are not being transmitted pursuant to this rule and the custodian of the exhibits.
 LOCAL RULE 5. TRANSMITTING THE RECORD; EXTENSIONS BY TRIAL COURT
(A) Extensions of time for transmitting the record beyond the eightieth day after the filing of the notice of appeal may be granted only by the court of appeals. The trial court shall not extend the time for transmitting the record beyond the eightieth day after the filing of the notice of appeal, and the court of appeals will not recognize an order of the trial court purporting to do so.
(B) Motions for extensions of time beyond the eightieth day must be filed before the expiration of the last extension granted by the trial court. When the extension is requested because of a claimed inability of the court reporter to supply a necessary part of the record, motions for an extension of the time filed with the trial court or with the court of appeals must be accompanied by an affidavit of the court reporter explaining why the extension is needed.
(C) Applications to the court of appeals for extensions of time to transmit the record shall be made by written motion filed by Appellant's counsel or Appellant pro se, supported by an affidavit or affidavits based on personal knowledge, which set forth facts demonstrating good cause for the extension.
(D) The Appellant is responsible for causing timely transmission of the record and for obtaining such extensions as are necessary to discharge this responsibility. The Appellant shall file with the clerk of the court of appeals a copy of any extension obtained from the trial court.
 LOCAL RULE 6. TRANSCRIPT OF PROCEEDINGS
The Official Court Reporter shall prepare the transcript of proceedings in conformity with App.R. 9(B).
 LOCAL RULE NO. 7. ENTRY TO ACCOMPANY MOTION FOR A PROCEDURAL ORDER
All motions for a procedural order shall be accompanied by a proposed entry or order, on a separate sheet, granting the relief sought. The date in the order for filing of documents shall be left blank in order for the court to insert an appropriate date.
 LOCAL RULE 8. NUMBER OF MOTIONS AND BRIEFS REQUIRED TO BE FILED
An original and four copies of briefs and papers relating to motions shall be filed with the clerk. All filing shall contain the name of the attorney, his address, telephone number, Supreme Court registration number and the name and designation of the party represented by the attorney.
 LOCAL RULE 9. DISMISSALS FOR FAILURE TO PROSECUTE APPEAL
Unless the appellant demonstrates that no undue delay and no prejudice to appellee has been caused by the failure to comply with the appellate rules and the local appellate rules of the fourth district court of appeals, the following shall be deemed good cause for dismissal of an appeal pursuant to App.R. 3(A), 11(C) or 18(C):
(A) Failure to file with the notice of appeal the appropriate filing in accordance with App.R. 9(B).
(B) Failure to timely order in writing from the court reporter any necessary transcript of proceeding.
(C) Failure to cause the record on appeal to be timely transmitted to the clerk of this court.
(D) Failure to timely file the brief and assignment of error.
(E) Any other noncompliance with the appellate rules or rules of this court.
 LOCAL RULE 10. FORM AND LENGTH OF BRIEFS
Briefs shall be prepared in conformity with App.R. 16 and 19. Appellants' and appellees' briefs shall not exceed thirty-five pages, exclusive of the appendix, lists of authorities and appended texts of statutes and constitutional provisions, if any. No brief may be filed which exceeds this limitation except by prior permission of the Court. Application for such permission shall be by motion specifying why extra pages are required. Reply briefs shall not exceed ten pages, exclusive of the index, list of authorities, and appendix, if any. Reply briefs shall be restricted to new matters raised in the answer brief.
 LOCAL RULE 11. TIME FOR FILING OF BRIEFS IN AN APPEAL INVOLVING A CROSS-APPEAL.
Multiple parties filing appeals from the same Order or Judgment Entry of the trial court shall be designated as appellants, cross-appellants, appellees or cross-appellees pursuant to the language of App.R. 3(C). Appellant's and cross-appellant's briefs shall be filed within twenty days of the transmission of the record unless otherwise extended by the court. Appellee's and cross-appellee's briefs shall be filed within twenty days of the filing of the appellant's and cross-appellant's briefs unless otherwise extended by this court. Appellant's and cross-appellant's reply briefs shall be filed within ten days of the filing of the appellee's and cross-appellee's briefs unless otherwise extended by this court.
 LOCAL RULE 12. ORAL ARGUMENT
(A) If a party wants to present oral argument, the argument must be requested in writing. The request for oral argument shall be filed as a separate motion and not appended to any other motion, brief, notice or other filing. The request for oral argument shall be filed not later than the fourteenth (14th) day after the earlier of the following: (1) the filing of appellee's brief; or (2) the last date on which appellee's brief could have been filed, after considering any extensions granted by the court for the filing of the appellee's brief. A party may not presume that because one party has requested oral argument, all parties will be allowed to argue (i.e., each party desiring to make oral argument must file a separate request for argument). The court may require oral argument in any case. If no party requests oral argument within 14 days after the filing of appellee's brief, the case will be submitted for a decision.
(B) The Assignment Commissioner shall notify the parties or their attorneys in writing of the date, time, and location of the oral argument. No continuance of oral argument will be granted unless a written motion establishing exceptional circumstances and good cause for the continuance is filed not later than seven (7) days after the date of the written notice. When oral argument is not requested by any party the case will be immediately submitted for a decision.
(C) Pursuant to App.R. 21(B), oral argument will be fifteen (15) minutes per side. However, the Court may, in its discretion, grant additional time for argument. Cases assigned for oral argument on the same day will be scheduled in the order of initial filing.
 LOCAL RULE 13. PRIORITY
Appeals involving the temporary or permanent custody of neglected, dependent or abused children shall be given priority over all other cases on the docket, pursuant to App.R. 7(C), and in order to implement such policy pursuant to App.R. 10(C), the Juvenile Court shall not extend the time for the transmission of the record for more than one thirty (30) day period.
Filing of the briefs shall be in accordance with the Appellate Rules. Extensions of time for filing of briefs shall not be granted except in the most unusual circumstances and only for the most compelling reasons in the interest of justice.
After the briefs have been filed the case shall be considered submitted for immediate decision, unless a request for oral argument has been filed with the brief. If oral argument has been requested, oral argument shall be scheduled at the earliest convenience of the court, whether in the county of origin or not. No continuance of oral argument shall be granted.
 LOCAL RULE 14. JOURNAL ENTRIES
Decisions of the court will be announced in a document entitled "Decision and Judgment Entry." Upon receipt by the Clerk of the Court of Appeals, the Clerk shall immediately stamp and file the "Decision and Judgment Entry" at which time it will become the journal entry of judgment and the time for appeal to the Supreme Court will begin to run.
Pursuant to App.R. 26, applications for reconsideration in appeal cases may be filed within ten days after the "Decision and Judgment Entry" is filed, but the filing of an application for reconsideration does not extend the time for filing a notice of appeal from the judgment of this Court.
 LOCAL RULE 15. STAYS, ADMISSIONS TO BAIL, SUSPENSIONS OF EXECUTION
Notice of motions to stay proceedings, or to admit to bail and suspend execution of sentence pending appeal must be served on counsel for the opposing party. No ex parte consideration will be given such motions unless there is a showing of exigent circumstances which will moot the appeal absent a summary stay. A motion under this section shall be prepared in accordance with App.R. 7 or App.R. 8, respectively.
The Prosecuting Attorney, City Solicitor, or Law Director, in criminal cases, shall file a memorandum within five (5) days if the prosecution is opposing the motion.
 LOCAL RULE 16. ORIGINAL ACTIONS Section 1. How instituted. An original action, other than habeas corpus, shall be instituted by the filing of a complaint, together with four copies thereof, and service shall be made, and such action shall proceed as in any civil action under the Ohio Rules of Civil Procedure. The Court will sua sponte dismiss any complaint found to be frivolous, malicious or abusive.
Section 2. Alternative writs. In the absence of extraordinary circumstances, no alternative writ will be issued in an original action, other than a habeas corpus action.
Section 3. Affidavit of indigency. A party claiming to be indigent shall file with the complaint a motion for leave to proceed in forma pauperis supported by an affidavit showing indigency and indicating the party's actual financial condition and the disposition of any request for similar leave sought with any other court. The motion shall comply with App.R. 15(A). A respondent may oppose the granting of a motion to proceed informa pauperis in the manner set forth in App.R. 15(A).
Section 4. Motion to dismiss. When a motion to dismiss is filed, five copies of a brief in support of such motion must be filed with such motion, and the movant shall indicate whether ruling on the motion will dispose of the merits.
Section 5. Brief in opposition to notion to dismiss. Five copies of a brief in opposition to a motion to dismiss shall be filed within fifteen days of the filing of such motion with an indication whether a ruling on the motion may be deemed a disposition of the merits.
Section 6. Oral argument on notion to dismiss. All motions will be ruled upon without oral argument before the court, except where the court requests such argument.
Section 7. Evidence in original actions. Unless consent of the Court is otherwise obtained, the evidence in all original actions, except actions in habeas corpus, shall be submitted to the Court by means of an agreed statement of facts, or stipulations, depositions, interrogatories, requests for production of documents, requests for admissions, affidavits or certified copies of official records; and oral testimony will not be heard unless ordered by the court. If oral testimony is ordered by the court it will be referenced to and heard before a Magistrate. The evidence in actions in habeas corpus shall be similarly submitted whenever practicable and where the interests of justice will not be defeated by delay. Court stenographers will not be in attendance at the trial of the action unless arranged for and employed by one or more of the parties and appointed by the Court, or unless, because of exceptional circumstance, otherwise ordered by the Court.
Section 8. Reference to Magistrate. Original actions in this Court may, upon the court's own Motion, be referred by the Court to a Magistrate, pursuant to Civ.R. 53. Unless otherwise indicated in the order of reference to a Magistrate, the Magistrate shall have all the powers specified in Civ.R. 53, and the proceedings and report of the Magistrate and objections thereto shall be governed by Civ.R. 53.
When a party so requests and guarantees the costs in a manner prescribed by the court which may include advance deposit of costs, and the court so orders, the Magistrate shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations upon a court sitting without a jury. If a party desires a transcript of proceedings before the Magistrate to be utilized in objecting to the Magistrate's report or for any other purpose, they shall obtain the transcript from the reporter and pay for the same. The Magistrate shall not order a transcript of proceedings prepared without prior authorization of this court.
Alternatively, in order to expedite court consideration of the action, if a reference to a Magistrate is made and if a party or parties agree to hire and pay for recordation and transcription by a court reporter of the presentation of evidence, the order of reference will be limited to receiving and reporting evidence, including rulings upon objections, for immediate presentation to the court of the transcript of evidence presented when transcribed.
Section 9. Time for briefs. The plaintiff shall serve and file his trial brief within fifteen days after completion of the Submission or presentation of the evidence, the defendant shall serve and file his brief within fifteen days after service of the brief of the relator; and any reply brief shall be served and filed within five days after service of the brief of the respondent.
Section 10. Briefs. Briefs shall conform to App.R. 19 and the length of the briefs shall conform to Loc.App.R. 10. The brief of the plaintiff shall contain, under appropriate headings, and in the order here indicated:
1. A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to pages of the brief where they are cited.
2. A statement of the issues presented.
3. A statement of the case. The statement shall first indicate briefly the nature of the case. There shall follow a statement of the facts relevant to the issues presented.
4. An argument. The argument shall contain the contentions of the plaintiff with respect to the issues presented, and the reasons therefore, with citations to the authorities and statutes relied on.
5. A short conclusion, stating the precise relief sought.
The brief of the defendant shall conform to the foregoing requirements except that a statement of the issues and a statement of the case, or of the facts relevant to the issues, need not be made unless the defendant is dissatisfied with such statements of the plaintiff.
Section 11. Service of copy of brief. Service of a copy of any brief shall be made upon opposing counsel forthwith, and proof of service shall be filed with the clerk.
Section 12. Oral argument. In any original action in this court, oral argument may be had only on approval of a request therefore, provided that the Court may, if it so desires, require such oral argument in any case. Any request for oral argument must be made in writing, by either party, at the time of the filing of his trial brief.
 LOCAL RULE 17. DOCKET STATEMENT AND PREHEARING CONFERENCE.
(A) Upon every appeal filed in the court of appeals, the Appellant shall complete a docket statement (criminal appeal — Form II; civil appeal — Form III) and file the completed docket statement with the notice of appeal.
(B) Upon receipt of the docket statement, the Administrator of the court of appeals shall review the statement and may, if necessary, schedule a prehearing conference with counsel of record. The prehearing conference may include a discussion of: (1) the finality of the order being appealed, (2) the type of record to be filed, (3) the probable time required to complete preparation of the record on appeal, (4) the assignments of error and issues to be raised; (5) any prior court decisions on similar issues, (6) the time needed for briefing and oral argument, (7) the identity and address of all counsel involved, and (8) other matters of particular relevance to the action.
(C) Failure to file a docket statement may result in dismissal of the appeal, or may result in assessing against the Appellant such court costs as may be attributable to failure to file the docket statement.
 LOCAL RULE 18. PRESIDING AND ADMINISTRATIVE JUDGES
Pursuant to R.C. 2501.06 and Sup.R. 3 and 4, the court shall appoint a presiding judge and an administrative judge, with such designation being by a journal entry signed by a majority of the judges of this court and filed with the clerk of the court of appeals of each county in this district. The presiding judge shall preside over all court sessions and meetings of the court. In the absence of the presiding judge, the administrative judge shall perform the duties of the presiding judge. The administrative judge shall also be responsible for the supervision of the administration, docket, and calendar of the court. The administrative judge shall rule upon all requests for extensions of time and other motions and matters which may be handled by a single judge. Other motions shall be referred to a three-judge panel with the court's ruling being signed by the administrative judge. Such designations and duties shall continue until further order of the court.
 LOCAL RULE 19. NOTIFICATION OF PROPOSED CHANGES TO THE LOCAL RULES OF COURT.
This Court shall send to the clerk of the court of appeals for each county in the Fourth Appellate District a copy of the proposed changes to the Local Rules of Court. The respective clerks of court shall post the proposed changes in a conspicuous public place in the clerk's office, make copies available for distribution to members of the bar and provide copies to each trial judge in the county for which the clerk serves. The proposed changes shall be open to public comment for a period of sixty (60) days. The court may adopt a new rule or amend or modify an existing rule if, in the opinion of the court, exigent circumstances so require but shall promptly afford notice and opportunity for comment thereafter in the manner provided above.
 LOCAL RULE 20. EFFECTIVE DATE AND APPLICABILITY
The amended rules shall take effect September 1, 1998. They shall govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that, in the opinion of the court, their application in a particular action pending when these rules take effect would not be feasible or would work an injustice.
Adopted this 29th day of June, 1998, pursuant to App.R. 41 and Section 5(B), Article IV, Ohio Constitution, and filed with the clerks of the fourteen counties of this district, and a copy hereof to be filed with the Supreme Court of Ohio.
 APPENDIX OF FORMS FORM I NOTICE OF APPEAL TO THE FOURTH DISTRICT COURT OF APPEALS FROM A JUDGMENT OR APPEALABLE ORDER COURT OF COMMON PLEAS SCIOTO COUNTY, OHIO
A.B. 221 E. West Street Portsmouth, Ohio 45662
Plaintiff-Appellee No. ________________________
v. NOTICE OF APPEAL
C.D. 122 W. East Street Portsmouth, Ohio 45662
Defendant-Appellant
Notice is hereby given that C.D., defendant, hereby appeals to the Court of Appeals of Scioto County, Ohio, Fourth Appellate District (from the final judgment), from the order [describing it] entered in this action on the _____ day of __________ 19___.
The attorney or party signing this notice hereby certifies that the judgment herein appealed is final as defined in R.C. 2505.02
and Civ. R. 54(B).
 __________________________________ (Attorney for Defendant, C.D.)
 __________________________________ Supreme Court Registration #
 __________________________________ (Address)
 __________________________________ (Telephone Number)
NOTE: The above form is designed for use in court of common pleas. Appropriate changes in the designation of the court are required when the form is used for other courts.
 FORM II FOURTH DISTRICT COURT OF APPEALS CRIMINAL CASE DOCKET STATEMENT
1. Counsel for the appellant, or the appellant if pro se, must
complete, serve and file this docketing statement at the time the notice of appeal is filed.
2. A copy of the judgment entry or order which is being appealed must be attached to the notice of appeal.
3. A copy of the order for the transcript must be filed with the clerk and served on the Court Reporter.
4. If less than the entire transcript of proceedings is to be included in the record, appellant must, at the time the notice of appeal is filed, file a statement of the assignments of error appellant intends to present on appeal.
Court of Appeals Case No. __________________ County ________________________
Case Caption _______________________________________________________________
Counsel for Appellant or Appellant pro se:
Name _____________________ Address and phone: ______________________________
Counsel for Appellee or Appellee pro se:
Name _____________________ Address and phone: ______________________________
Trial Judge:____________________ Trial Court Case No.:______________________
Date Notice of Appeal filed ________________________________________________
Date that Judgment or Order appealed from was filed:________________________
Related Appeals Nos. _______________________________________________________
Was counsel appointed for trial? Yes ____ No ____
Is substitute counsel requested for appeal? Yes ____ No ____
Was a stay of sentence granted by the trial court? Yes ____ No ____
Is a stay requested by the court of appeals? Yes ____ No ____
Nature of the case (check appropriate box and provide requested information):
Trial: Jury trial ________________________ Bench trial _____________________
Plea: Guilty plea ________________________ No Contest ______________________
Misdemeanor: Charge ______________________ Sentence ________________________
Felony: Charge ______________________ Sentence ________________________
Probation Revocation: Prior charge _________________________________________
Sentence___________________________________________________
Appeal by State (R.C. 2945.67): of right ______ with leave of court_________
Post conviction relief (R.C. 2953.21): Was a hearing held in the trial court? Yes_____ No_____ Date________________
App.R. 5 (leave to file delayed appeal) ___________________
Record (indicate type of record to be filed):
There will be a full____/partial____ transcript of the proceedings filed (designate parts: __________________________________________________________
There will be an App.R. 9(C) statement. ____________________________________
There will be an App.R. 9(D) agreed statement. _____________________________
No transcript, statement, or agreed statement to be filed: _________________
 _____________________________________ Name
Attorney for ________________________
_____________________________________
 FORM III FOURTH DISTRICT COURT OF APPEALS CIVIL CASE DOCKET STATEMENT
1. Counsel for the appellant, or the appellant if pro se, must
complete, serve and file this docketing statement at the time the notice of appeal is filed.
2. A copy of the judgment entry or order which is being appealed must be attached to the notice of appeal.
3. A copy of the order for the transcript must be filed with the clerk and served on the Court Reporter.
4. If less than the entire transcript of proceedings is to be included in the record, appellant must, at the time the notice of appeal is filed, file a statement of the assignments of error appellant intends to present on appeal.
Court of Appeals Case No. __________________ County ________________________
Case Caption _______________________________________________________________
Counsel for Appellant or Appellant pro se:
Name _____________________ Address and phone: ______________________________
Counsel for Appellee or Appellee pro se:
Name _____________________ Address and phone: ______________________________
Trial Judge:____________________ Trial Court Case No.:______________________
Date Notice of Appeal filed ________________________________________________
Date that Judgment or Order appealed from was filed:________________________
Related Appeals Nos. _______________________________________________________
Did this case involve multiple parties? Yes _____ No ____
Did this case involve multiple claims? Yes _____ No ____
Does Civ.R. 54(B) apply? Yes _____ No ____
Is there "no just reason for delay" certification? Yes _____ No ____
Record (indicate type of record to be filed):
There will be a full____/partial____ transcript of the proceedings filed (designate parts: __________________________________________________________
There will be an App.R. 9(C) statement. ____________________________________
There will be an App.R. 9(D) agreed statement. _____________________________
No transcript, statement, or agreed statement to be filed: _________________
Has a notice of appeal been previously filed in this court concerning this case? Yes____ No____
If yes, what was the previous appellate case number? _______________________
Nature of the case: (for example, personal injury; administrative appeal; will contest; domestic relations; etc.) ____________________________________________________________________________
Is appellate counsel different from trial counsel? Yes____ No_____
Does this case turn upon an interpretation or application of a particular case(s) or statute(s)? Yes_____ No____ If yes, please cite cases or statutes. __________________________________________________________________
How would you characterize the extent of your settlement discussion prior to judgment in the trial court?
None______ Minimal______ Modest______ Extensive______
Have post-judgment settlement discussions taken place? Yes_____ No_____
Would a preliminary "settlement" mediation conference be of any assistance in the resolution of this matter? (Note — the primary purpose of the preliminary conference is to encourage the parties to explore any possibilities for settlement of this case before incurring additional expenses, or, if settlement is not possible, to limit the issues on appeal). Yes_____ No_____ Please explain ___________________________________ ____________________________________________________________________________ ____________________________________________________________________________ ____________________________________________________________________________
Briefly summarize the assignments of error presently anticipated to be raised on appeal, unless a statement of the assignments of error has been filed with the clerk of the trial court pursuant to App.R. 9(B). (Attach a separate sheet if necessary). ______________________________________________ ____________________________________________________________________________ ____________________________________________________________________________ ____________________________________________________________________________
 _____________________________________ Name
Attorney for_________________________
_____________________________________